## IN THE COURT OF APPEALS OF IOWA

No. 16-1636
Filed February 8, 2017

**IN THE INTEREST OF A.C.,**
**Minor child,**

**K.S., Mother,**
    Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, DeDra L.

Schroeder, Judge.


        A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


        Jane M. Wright, Forest City, for appellant mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Crystal Leann Ely of North Iowa Youth Law Center, Mason City, guardian

ad litem for minor child.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

A mother appeals the termination of her parental rights to her child.[1] The juvenile court terminated the mother's rights pursuant to Iowa Code section 232.116(1)(a), (e), and (h) (2015). The mother argues the State failed to prove by clear and convincing evidence the statutory grounds for terminating her parental rights, termination is not in the best interests of the child, and the strength of the parent-child bond should preclude termination.

We review the termination of parental rights proceedings de novo, giving weight to the factual findings of the juvenile court, though we are not bound by them. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

A.C., born August 2015, came to the attention of the Iowa Department of Human Services (DHS) at birth due to a drug test that revealed the presence of methamphetamine, amphetamines, Oxycodone, and marijuana in her system. The child was adjudicated a child in need of assistance under Iowa Code section 232.2(6)(o) and removed from the home. The mother agreed to a substance-abuse evaluation and accepted services through the DHS, including substance-abuse treatment, mental-health services, and family-preservation court. Throughout the pendency of this case, the mother sporadically missed appointments for both substance-abuse treatment and family-preservation court. As part of her treatment, the mother submitted to drug tests periodically. She tested positive for methamphetamine, amphetamines, and marijuana on multiple occasions throughout the pendency of this case and stopped submitting to drug tests altogether in the months leading up to termination. In July 2016, the mother

---

[1] The father's parental rights were also terminated, but he does not appeal.

gave birth to another child, who tested positive for methamphetamine, amphetamines and marijuana at birth. Despite admitting illegal drug use, the mother failed to return to suggested inpatient treatment.

The record reflects the mother made little progress despite services offered through the DHS and the child cannot be returned to the custody of the mother at the present time. *See* Iowa Code § 232.116(1)(h)(4). Upon our de novo review, we conclude the State established by clear and convincing evidence termination of the mother's parental rights was warranted under Iowa Code section 232.116(1)(h). *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) ("When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm."). Because we agree statutory grounds existed to support termination, termination was in the child's best interests, and no exception precludes termination, we affirm without further opinion.[2] *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**

---

[2] Although the mother also requests another six months to work towards reunification, the record does not support a conclusion that additional time would produce any different outcome for the mother's ability to safely care for A.C. *See* Iowa Code § 232.104(2)(b); *see also In re A.A.G.*, 708 N.W.2d 85, 93 (Iowa Ct. App. 2005) ("From our de novo review of the record, we also are unable to make a finding the need for removal would no longer exist after a six-month extension.").